

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/2021

Edward Flanders
tel: +1.212.858.1638
edward.flanders@pillsburylaw.com

October 14, 2021

> Plaintiff's request for one week extension - until October 22, 2021 - is granted.

**Via Electronic Filing**
The Honorable Katherine H. Parker
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

APPLICATION GRANTED

*Katharine H. Parker* (signature)

Hon. Katharine H. Parker, U.S.M.J.
10/18/2021

Re:   *Top Jet Enterprises, Ltd. v. Sino Jet Holding, Ltd., Skyblueocean Ltd., and Jet Midwest Group, LLC*, Case No. 1:21-mc-00497-RA-KHP – Reply to Mr. Schnitzer's Letter of October 13, 2021 (Dkt. No. 42)

Dear Judge Parker:

On behalf of Plaintiff Top Jet Enterprises, Ltd. ("Top Jet"), I respectfully submit this letter in response to the October 13, 2021 letter (Docket No. 42) ("Oct. 13 Letter") submitted by Mr. Kulowiec's counsel, Edward Schnitzer.

The Oct. 13 Letter is replete with misleading and inaccurate statements regarding the current discovery dispute between the parties, as well as the applicable law. In fact, it is a transparent attempt to preempt the motion to compel and for sanctions that Your Honor made clear, during the September 9, 2021 telephone conference, that Top Jet could file given the woefully inadequate document collection and search efforts conducted by Mr. Kulowiec and Mr. Schnitzer up to that date.[1] *See* Ex. A at 32. And while Mr. Kulowiec and Mr. Schnitzer appear to have finally done what they should have done from the outset in terms of *collecting* potentially responsive documents, they continue to refuse to *review* these documents. Here are just a few examples of Mr. Schnitzer's misleading and inaccurate statements about the discovery dispute:

- Top Jet is seeking information about Mr. Ohadi and Mr. Woolley as owners of Skyblueocean. But Mr. Schnitzer insists on excluding the names "Ohadi" and "Woolley" from his proposed search terms.

- Mr. Schnitzer's letter attempts to mislead the Court by claiming that Top Jet is demanding overly broad search terms, such as the word "Chinese." What Mr. Schnitzer conceals from the Court is that Mr. Kulowiec's clients regularly

---

[1] A copy of the transcript of that conference is attached as Ex. A.

www.pillsburylaw.com

4810-9965-2607

The Honorable Katherine H. Parker
October 14, 2021
Page 2

>referred to Top Jet not by its name but rather with the racial epithet "Chinese," including calling Top Jet's investments the "Chinese money." It is not Top Jet's fault that Mr. Kulowiec's clients used a racial epithet to refer to Top Jet. Because this is how Mr. Kulowiec's clients referred to Top Jet, this is a necessary search term. Top Jet sent Mr. Schnitzer a detailed letter citing many examples of Mr. Kulowiec's clients using the racial epithet "Chinese" to refer to Top Jet, but Mr. Schnitzer entirely conceals this information from the Court. *See* Ex. B (citing many examples, including trial testimony by Woolley and by JMG's CEO admitting to using the racial epithet "the Chinese" to refer to Top Jet). Top Jet suspects that Mr. Ohadi and/or Mr. Woolley, and their affiliates, may have referred to the "Chinese" in communications regarding changing their ownership interest in Skyblueocean in light of Top Jet's judgments.

Moreover, Mr. Schnitzer misstates the applicable law regarding cost-shifting in circumstances such as those present here. For example, in *In re Subpoena to Loeb & Loeb LLP*, No. 19 Misc. Civ 241 (PAE), 2019 WL 2428704, at *5 (S.D.N.Y. June 11, 2019), the court noted that the nonparty lawyer did not have an interest in the case because "neither Loeb nor its former client … is a party to the Adversary Proceeding." But here, Mr. Kulowiec's client, Skyblueocean, is a judgment-debtor in the underlying proceedings that owes approximately $100 million in non-appealable judgments.

I could go on to address the other misleading and inaccurate statements in the Oct. 13 Letter, but Your Honor has already made clear that "I can't make any determinations until I see briefing." Ex. A at 32. As a result, Top Jet respectfully suggests that, rather than burdening the Court with a detailed response to the Oct. 13 Letter followed by another conference, the Court allow Top Jet to address the arguments made in the Oct. 13 Letter in its motion to compel and for sanctions, which it will file after commencing a miscellaneous action. The deadline previously set by the Court for filing such motion is tomorrow, October 15, 2021. Top Jet respectfully requests a one-week extension, until October 22, 2021, so that it can address, in its motion to compel and for sanctions, the arguments made in the Oct. 13 Letter.

The Honorable Katherine H. Parker
October 14, 2021
Page 3

                                          Respectfully submitted,

                                          /s/ *Edward Flanders*
                                          Edward Flanders
                                          Geoffrey Sant
                                          Hugh M. Ray, III
                                          Carol Lee
                                          Michelle Ng
                                          PILLSBURY WINTHROP SHAW
                                             PITTMAN LLP
                                          31 West 52nd Street
                                          New York, New York 10019
                                          Tel.: 212-858-1000

                                          *Counsel for Top Jet Enterprises, Ltd.*